Michael J. Stortz (139386)
Michael.Stortz@klgates.com
Tae H. Kim (331362)
Tae.Kim@klgates.com
K. Taylor Yamahata (347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Attorneys for Defendants
EDWARD D. JONES & CO., L.P. and
THE JONES FINANCIAL COMPANIES,
L.L.L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK MAURER, THERESA STEVENS, RICHARD MORTENSEN, CHRIS WALL, AND DENNIS FRASHER individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD D. JONES & CO., L.P, and THE JONES FINANCIAL COMPANIES, L.L.L.P.,<br><br>Defendant. | Case No. 3:26-cv-01178<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Civ. L. R. 3-12(b)<br><br>Complaint Filed: February 6, 2026 |

1608003022.1

DEFENDANTS' OPPOSITION TO MOTION TO RELATE CASES; CASE NO. 3:26-CV-01178

Defendants Edward D. Jones & Co., L.P. and The Jones Financial Companies, L.L.L.P. (collectively, "Defendants") hereby submit this opposition to Plaintiffs' administrative motion to relate *Shah v. Edward D. Jones & Co., L.P.*, No. 3:26-cv-01750 (N.D. Cal.) (the "*Shah* Action") to *Maurer et al. v. Edward D. Jones & Co., L.P. et al.*, No. 3:26-cv-01178-JD (N.D. Cal.) (the "*Maurer* Action"). For the reasons stated herein, the motion should be denied.

## I.   INTRODUCTION

The *Shah* Action has little in common with the *Maurer* Action, and no place in this District in any event. Although not disclosed in Plaintiffs' motion, on February 18, 2026, Plaintiff Shah filed a nearly identical complaint in the Central District of California based on his residence there, specifically alleging that the acts giving rise to his claims occurred in that District. The day after the action was assigned to District Judge Slaughter, Shah abruptly dismissed that action "with prejudice," and then filed his Complaint in this Court, asserting that a "significant portion" of the relevant acts occurred in this District instead. Plaintiff Shah's two competing venue allegations cannot be reconciled, any more than can his re-filing of claims he previously dismissed with prejudice. Since there are no two legitimate actions to relate, Plaintiffs' motion fails at the threshold.

In addition to these deficiencies specific to the *Shah* Action, the *Maurer* Action itself appears improperly filed in this District. As explained below, Defendants' initial investigation has raised serious threshold questions as to whether any of the *Maurer* Plaintiffs' claims were properly filed here. Granting Plaintiffs' motion would improperly relate two actions, neither of which belong here, with the result that the Court could soon find itself with no Plaintiffs left before it.

## II.   BACKGROUND

On February 6, 2026, Plaintiff Mark Maurer, a New York resident, filed a putative class action Complaint against Defendants in this District. Dkt. No. 1. Each Defendant is allegedly headquartered in Missouri. *See id.* at ¶¶ 28, 34. To support jurisdiction in this District, Plaintiff Maurer alleges that he "opened an account with Edward Jones" while residing at some unspecified location in California, purportedly in 2017. *Id.* at ¶¶ 22-24.

During initial meet and confer, after noting that investigations had yielded no account associated with Plaintiff Maurer, Defendants asked that Maurer provide an account number or other

information to support the jurisdictional and venue allegations of the Complaint. Instead, Plaintiff amended his Complaint on February 20 to add four new Plaintiffs. But only two of the newly added Plaintiffs, Wall and Frasher, allegedly reside in this District. Stevens and Mortenson allegedly reside in San Diego and Yolo Counties, respectively. Dkt. No. 16 at ¶¶ 28, 24, 40, 46. And Plaintiff Maurer is still not alleged to ever have resided in this District; nor has Edward Jones found any record of him ever being a customer.

On February 18, 2026, Shah filed a putative class action complaint against Defendant Edward Jones in the Central District of California. Although Shah invoked with claims based on some of the same statutes invoked in the *Maurer* Action, he alleged an entirely different factual claim based on his alleged interest in finding a financial advisor with Edward Jones. *See* Declaration of K. Taylor Yamahata in Opposition ("Yamahata Decl."), Ex. A. Shah further alleged that as a resident of Buena Park, venue was proper in the Central District pursuant to 28 U.S.C. Section 1391(b) because Defendants "transact[s] significant business within this District and the acts that gave rise to this cause of action occurred within this District." *Id.*, Ex. A at ¶¶ 5, 11. On February 26, 2026, the *Shah* Action was assigned to District Judge Fred Slaughter.

The following day, on February 27, 2026, Shah filed a notice of voluntary dismissal dismissing his Central District claims "with prejudice." *See id.*, Ex. B. That same day, Shah filed a new complaint in this District, now alleging that venue is proper in this District because "a significant portion of acts that gave rise to this cause of action occurred within this District." *Id.*, Ex. C at ¶ 11. All other allegations remain unchanged, including Shah's allegation that he resides in Buena Park. *Id.*, Ex. C at ¶ 5. The *Shah* Action has been assigned to Magistrate Judge Laurel Beeler.

### III.   ARGUMENT

Civil Local Rule 3-12(a) establishes two conjunctive requirements for relation: the actions must (1) "concern substantially the same parties, property, transaction or event," and (2) present circumstances where it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civ. L.R. 3-12(a). Plaintiffs' motion fails to establish that either requirement is met.

**A. The Two Actions Do Not Concern Substantially the Same Parties, Property, Transaction or Event.**

A comparison of the two complaints reveals that they are, at their core, materially different cases involving differently situated Plaintiffs, different conduct, and different technologies.

The *Maurer* Action as originally brought by Plaintiff Maurer is based on the premise that he was a long-time Edward Jones account holder.  After Defendants questioned this premise, the complaint was amended to add four individuals who are current Edward Jones account holders, dating back years and even decades, and who allegedly accessed the online portal on the Edward Jones website "to review[] transactions and account balances." Dkt. No. 16 at ¶¶ 25, 31, 37, 43, 49. Plaintiffs allege that they "and other Class Members believed that they were communicating only with Edward Jones given the sensitive nature of their information and fact that much of this communication occurred behind a password-protected portal."  Dkt. No. 16 at ¶ 6.  The gravamen of their complaint is that third-party software technology, distributed by Google, Meta, The Trade Desk, LinkedIn, and ClickTale, was deployed on the online portal, and transmitted the information of Plaintiffs and other account holders to these third parties. Dkt. No. 16 at ¶¶ 26, 32, 38, 44, 50.

The *Shah* Action is fundamentally different. Shah does not claim to have been an Edward Jones client, but rather alleges that as a prospective customer, he accessed the Edward Jones website while "residing in Buena Park, California . . . [i]n or around October 2025 . . . to be matched to a financial advisor. . . ." Yamahata Decl., Ex. C at ¶ 5. Shah alleges that he entered information into the website using the same device and browser used to access his LinkedIn account, and that his personal identifying information was transmitted to LinkedIn. *See id.,* Ex. C at ¶¶ 6-7. The *Shah* class is narrowly defined as persons who "maintained a LinkedIn account and entered information into the website."  *Id.*, Ex. C at ¶ 72.  Given these key differences, none of which are addressed in their motion, Plaintiffs have not shown that the two actions involve "substantially the same parties, property, transaction or events" within the meaning of Rule 3-12(a)(1).

**B. The *Shah* Action Will Not Result in Duplication of Labor or Conflicting Results.**

The second prong of Civil Local Rule 3-12(a) is independently fatal to Plaintiffs' motion. That prong requires a likelihood of unduly burdensome duplication of labor or conflicting results

if the cases proceed before different Judges. This standard cannot be met, as there is no reason to expect that the *Shah* Action will be litigated in this District, and substantial questions as to whether *Maurer* Action will be litigated here.

*First*, the *Shah* Action does not belong in this District. In his Central District Complaint, Shah alleged without qualification that "the acts that gave rise to this cause of action occurred within" the Central District of California. *Id.*, Ex. A at ¶ 11. That definitive admission defeats any allegation that venue is proper here, within the meaning of Section 1391(b). Further, Shah got venue right the first time. Since he resides in Buena Park, and not in this District, the appropriate venue under Section 1391(b) for his claim is either the Central District of California or the Eastern District of Missouri.[1] This forum has no connection to his claim, and it is subject to dismissal or transfer due to improper venue. *See, e.g., Cribier v. Compass, Inc.*, 2025 WL 1939869, **4-5 (N.D. Cal. July 14, 2025) (plaintiff residing in Southern California could not establish venue under Section 1391(b) over out-of-state corporate defendant, since plaintiff's claims lacked "substantial 'nexus' with the Northern District of California").

In addition, Shah dismissed his Central District Action "with prejudice" as Federal Rule of Civil Procedure 41 permits. *See* Fed. R. Civ. P. 41(b) (dismissals under Rule 41(a) are without prejudice, "[u]nless otherwise specified"). Although the caption of Shah's Central District dismissal refers to dismissal without prejudice, "the substance of a pleading—not its caption—controls." *Taite v. Ramos*, 618 Fed. App'x. 392, 394 & n.1 (10th Cir. 2015) (unpublished) (citing *Cosgrove v. Barlotta*, 150 F.3d 729, 732 (7th Cir. 1998)).

It follows that the *Shah* Action should either be dismissed by this Court under 28 U.S.C. Section 1406, transferred to the Central District under Section 1406, or dismissed (either by this Court or by Judge Slaughter if the action is transferred and reassigned) based on Shah's prior dismissal with prejudice. In any scenario, there will be no substantial duplication of judicial effort or likelihood of inconsistent results.

---

[1] In prior class action complaints, Shah has alleged that venue under 1391(b) was proper in the Central District, based on his activity at his residence in Buena Park. *See* Complaint in *Shah v. Whole Foods Market Inc.*, Case No. 8:25-cv-00085 (C.D. Cal. July 1, 2025); Complaint in *Shah v. Perrigo Company*, Case No. 8:22-cv-02006 (C.D. Cal. Nov. 1, 2022).

- 4 –

*Second*, the *Maurer* Action should not be litigated on the merits in this District, since the Action was not properly filed in this District, either originally or following amendment of the Complaint. Plaintiff Maurer is a New York resident[2] and Defendants are Missouri residents. The threshold requirement of personal jurisdiction as to his claims is not met because Defendants are not subject to general jurisdiction or specific jurisdiction here. *See Cribier,* 2025 WL 1939869, ** 3-4 (neither general nor specific jurisdiction arises over claim against out-of-state defendant, where plaintiff's claims do not arise out of defendant's forum related activities) (citations omitted). As for venue, putting to one side the apparent lack of any factual basis for Plaintiff Maurer's allegation that he opened an account with Defendants in 2017 somewhere "in California[,]" that allegation is insufficient to confer venue in this District. *See id*. at * 5.

As for the four newly-added California Plaintiffs, two of them reside outside this District, and their claims are thus subject to dismissal or transfer under Section 1406. Further, all four California Plaintiffs in the *Maurer* Action agreed to a forum selection clause, under which the exclusive jurisdiction for resolution of their disputes are the Circuit Court of St. Louis County, State of Missouri, or the United States District Court for the Eastern District of Missouri. As this Court recently explained, "[a] valid forum selection clause is to be given 'controlling weight in all but the most exceptional cases[.]'" *Smith v. Midwest Tape LLC*, 2026 WL 482856 (N.D. Cal. Feb. 20, 2026) (citation omitted) (transferring claims for alleged violation of California Invasion of Privacy Act to venue specified in forum selection clause). In the event Plaintiffs will not stipulate to transfer (*see id*. (suggesting that parties stipulate to transfer pursuant to forum selection clause)), Defendants intend to move to dismiss or transfer the *Maurer* Action.

Because there is no reasonable likelihood that both cases will proceed in this District, the second requirement of Civil Local Rule 3-12(a) is not satisfied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

---

[2] In prior class action complaints, Maurer has alleged that venue under Section 1391(b) was proper in the Northern District of New York, based on his activities at his residence in that District. *See, e.g.,* Complaint in *Maurer v. Toyota Motor North America, Inc*., Case No. 1:25-cv-0002440-LEK-PJE (N.D.N.Y. filed Feb. 24, 2025) at ¶ 8 (venue proper since "Plaintiff purchased his Lexus vehicle in this District");

Dated:  March 9, 2026

K&L GATES LLP

By: */s/ Michael J. Stortz*
Michael J. Stortz
Tae H. Kim
K. Taylor Yamahata

Attorneys for Defendants
EDWARD D. JONES & CO., L.P. and
THE JONES FINANCIAL COMPANIES,
L.L.L.P.