Michael J. Stortz (139386)
Michael.Stortz@klgates.com
Tae H. Kim (331362)
Tae.Kim@klgates.com
K. Taylor Yamahata (347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Attorneys for Defendants
EDWARD D. JONES & CO., L.P. and THE JONES FINANCIAL COMPANIES, L.L.L.P.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARK MAURER, THERESA STEVENS, RICHARD MORTENSEN, CHRIS WALL, AND DENNIS FRASHER individually and on behalf of all others similarly situated,

Plaintiffs,

v.

EDWARD D. JONES & CO., L.P., and THE JONES FINANCIAL COMPANIES, L.L.L.P.,

Defendants.

Case No. 3:26-cv-01178-JD

*Assigned for all purposes to Hon. James Donato*

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Date: May 14, 2026
Time: 10:00 a.m.
Location: Courtroom 11 – 19th Floor
Judge: Hon. James Donato

Complaint Filed: February 6, 2026
Am. Compl. Filed: February 20, 2026

# TABLE OF CONTENTS

PAGE


I. INTRODUCTION ..... 1

II. STATEMENT OF ISSUES TO BE DECIDED ..... 1

III. BACKGROUND ..... 2

IV. ARGUMENT ..... 3

A. Plaintiff Maurer's Claims Should Be Dismissed for Lack of Personal Jurisdiction. ..... 3

B. Venue Is Improper Here As to Plaintiffs Maurer, Stevens, and Mortensen ..... 4

C. Plaintiffs Lack Article III Standing ..... 5

D. The Amended Complaint Should Be Dismissed for Failure to State a Claim ..... 6

1. Plaintiffs Fail to State a Claim under CIPA § 631 and the ECPA. ..... 7

a. Plaintiffs' CIPA § 631 and ECPA Claims Are Deficient. ..... 7

b. Plaintiffs' CIPA §§ 638.50 and 638.51 Claim Is Deficient. ..... 10

2. Plaintiffs Fail to State a Claim for Invasion of Privacy. ..... 12

3. Plaintiffs Lack Statutory Standing Under the UCL and CDAFA. ..... 13

4. Plaintiffs Fail to State a Viable Negligence Claim. ..... 14

5. Plaintiffs' Unjust Enrichment Claim Fails. ..... 15

6. Plaintiff Maurer Cannot Bring Claims Under California Law ..... 15

V. CONCLUSION ..... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adler v. Community.com, Inc.*,
2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) .......... 7

*Alliance for Multilingual Multicultural Educ. v. Garcia*,
No. C 11–0215 PJH, 2011 WL 2532478 (N.D. Cal. June 24, 2011) .......... 4, 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 6

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,
241 F. Supp. 3d 1084 (C.D. Cal. 2017) .......... 14

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
582 U.S. 255 (2017) .......... 3, 4

*Casillas v. Transitions Optical, Inc.*,
No. 23STCV30742, 2024 WL 4873370 (Cal.Super. Sept. 09, 2024) .......... 11

*Cline v. Reetz-Laiolo*,
329 F. Supp. 3d 1000 (N.D. Cal. 2018) .......... 7

*Cody v. E. Gluck Corp.*,
No. 23-CV-2286-HSG, 2024 WL 4314187 (N.D. Cal. Sept. 26, 2024) .......... 6

*Cribier v. Compass, Inc.*,
2025 WL 1939869 (N.D. Cal. July 14, 2025) .......... 5

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .......... 3

*DellaSala v. Samba TV, Inc.*,
No. 3:25-CV-03470-JSC, 2025 WL 3034069 (N.D. Cal. Oct. 30, 2025) .......... 15

*In re Facebook Internet Tracking Litig.*,
263 F. Supp. 3d 836 (N.D. Cal. 2017) .......... 12

*In re Facebook Priv. Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd,* 572 F. App'x 494 (9th Cir. 2014) .......... 13

*Forouzesh v. Starbucks Corp.*,
No. CV 16-3830 PA, 2016 WL 4443203 (C.D. Cal. Aug. 19, 2016) .......... 15

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000) .......... 5

*Gabali v. Onewest Bank, FSB*,
No. 5:12-CV-02901 EJD, 2013 WL 1320770 (N.D. Cal. Mar. 29, 2013) .......... 15

*In re Google Android Consumer Priv. Litig.*,
No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) .......... 14

*In re Google Inc. Gmail Litig.*,
No. 13-md-02430-LHK, 2014 WL 1102660 (N.D. Cal. Mar. 18, 2014) .......... 10

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) .......... 9

*Hammerling v. Google LLC*,
2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) .......... 8

*Hazel v. Prudential Fin., Inc.*,
No. 22-CV-07465-CRB, 2023 WL 3933073 (N.D. Cal. June 9, 2023) .......... 13, 14

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) .......... 7

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009) .......... 12, 13

*Hubbard v. Google LLC*,
No. 19-CV-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) .......... 12

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) .......... 6

*In re iPhone App. Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) .......... 13, 14

*J'Aire v. Gregory*,
24 Cal.3d 799 (1979) .......... 14

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 9

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025) .......... 6, 11

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025), *appeal dismissed*, No. 25-4452, 2025 WL 2943080 (9th Cir. Oct. 3, 2025) .......... 11

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002)........................................................................................ 7

*Krottner v. Starbucks Corp.*,
406 F. App'x 129 (9th Cir. 2010) .................................................................................. 15

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023)........................................................................... 8

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. 2023)........................................................................... 7

*Licea v. Hickory Farms LLC*,
No. 23STCV26148, 2024 WL 1698147 (Cal.Super. Mar. 13, 2024) .................................... 11

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........................................................................ 12, 14

*McBride v. Boughton*,
20 Cal. App. 4th 379 (2004)........................................................................................... 15

*Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*,
306 F.3d 806 (9th Cir. 2002)........................................................................................... 12

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ............................................................................ 10

*Myers v. Bennett Law Offices*,
238 F.3d 1068 (9th Cir. 2001)........................................................................................... 5

*Ottesen v. Hi-Tech Pharms., Inc.*,
No. 19-CV-07271-JST, 2024 WL 5205539 (N.D. Cal. Dec. 23, 2024) .................................. 4

*Palacios v. Office Depot, LLC*,
No. 24STCV11977, 2024 WL 7006626 (Cal.Super. Dec. 04, 2024) .................................... 11

*People v. Martinez*,
88 Cal. App. 4th 465 (2001)........................................................................................... 15

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025)........................................................................................... 6

*Pruchnicki v. Envision Healthcare Corp.*,
845 F. App'x 613 (9th Cir. 2021) .................................................................................. 14

*R.S. v. Prime Healthcare Servs., Inc.*,
2024 WL 3730609 (C.D. Cal. Aug. 7, 2024)..................................................................... 9

*Sanchez v. Cars.com Inc.*,
No. 24STCV13201, 2025 WL 487194 (Cal.Super. Jan. 27, 2025) ....................................... 10

*Sepanossian v. Nat'l Ready Mix Co., Inc.*,
97 Cal. App. 5th 192 (2023)............................................................................................. 15

*Shah v. Cap. One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025) ............................................................. 13, 14, 15

*Smith v. LoanMe, Inc.*,
11 Cal. 5th 183 (2021) ..................................................................................................... 10

*Matter of Star & Crescent Boat Co., Inc.*,
549 F. Supp. 3d 1145 (S.D. Cal. 2021) .............................................................................. 4

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ............................................................................................................. 5

*Tapia Carmona v. Cnty. of San Mateo*,
No. 18-CV-05232-LHK, 2019 WL 4345973 (N.D. Cal. Sept. 12, 2019)................................ 8

*Thomas v. Papa Johns Int'l, Inc.*,
No. 22CV2012 DMS (MSB), 2024 WL 2060140 (S.D. Cal. May 8, 2024).......................... 12

*In re Vizio, Inc. Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017)................................................................................ 8

*Walden v. Fiore*,
571 U.S. 277 (2014) ........................................................................................................... 4

*Williams v. Facebook, Inc.*,
384 F. Supp. 3d 1043 (N.D. Cal. 2018) ............................................................................. 13

*Williams v. What If Holdings LLC*,
2022 WL 17869275 (N.D. Cal. 2022)................................................................................... 9

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ................................................................................. 13

*Yale v. Clicktale, Inc.*,
2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) ....................................................................... 9

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014)............................................................................................. 9

**Statutes**

18 U.S.C. §§ 2511(1)(a)-(d)................................................................................................. 7

18 U.S.C. § 2511(2)(d)......................................................................................................... 9

28 U.S.C. § 1391(b)(2)......................................................................................................... 4

Cal. Penal Code § 631 ........ *passim*

Cal. Penal Code § 631(a) ........ 7, 9

Cal. Penal Code § 638 ........ 10

Cal. Penal Code § 638.50 ........ 2, 10

Cal. Penal Code § 638.50(b) ........ 10

Cal. Penal Code § 638.50(c) ........ 11

Cal. Penal Code § 638.51 ........ 2, 10

Cal. Penal Code § 638.51(a) ........ 10

Cal. Penal Code § 638.52 ........ 10

Cal. Penal Code § 638.52(d)(1), (3) ........ 11

**Other Authorities**

California Constitution Article I, Section 1 ........ 2

Federal Rule of Civil Procedure 12(b)(1) ........ 2, 5

Federal Rule of Civil Procedure 12(b)(2) ........ 1

Federal Rule of Civil Procedure 12(b)(3) ........ 1, 4

Federal Rule of Civil Procedure 12(b)(6) ........ 2, 6

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 14, 2026, at 10:00 a.m., before the Honorable James Donato of the United States District Court for the Northern District of California, Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Edward D. Jones & Co., L.P. and The Jones Financial Companies, L.L.L.P. will, and hereby do, move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) for an order dismissing the amended complaint with prejudice.

The basis for this motion is that the Court lacks personal jurisdiction over Plaintiff Maurer, a New York resident whose claims have no connection to this District; venue is improper as to Plaintiffs Maurer, Stevens, and Mortensen, none of whom can establish that a substantial part of the events giving rise to their claims occurred in this District; Plaintiffs have not alleged facts particular to their own individual experiences sufficient to establish Article III standing; and each of Plaintiffs' nine causes of action fails to state a claim upon which relief can be granted.

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs Mark Maurer, Theresa Stevens, Richard Mortensen, Chris Wall, and Dennis Frasher ("Plaintiffs") allege that Defendants Edward D. Jones & Co., L.P. ("Edward Jones") and The Jones Financial Companies, L.L.L.P. (collectively, "Defendants") violated federal and California data privacy statutes and common law by incorporating third-party software on www.edwardjones.com ("Website"), including the client Online Access portal ("Online Access"). Plaintiffs' Amended Complaint suffers from multiple defects that require its dismissal.

*First*, the Court lacks personal jurisdiction over Plaintiff Maurer, a New York resident whose claims have no connection to this District. *Second*, venue is improper as to Plaintiffs Maurer, Stevens, and Mortensen, none of whom can establish that a substantial part of the events giving rise to their claims occurred in this District.[1] *Third,* Plaintiffs have not alleged facts particular to their own individual experiences sufficient to establish Article III standing. *Fourth*, each of Plaintiffs' nine causes of action fails to state a claim. The Amended Complaint does not plausibly allege an in-transit interception of communication contents as required by CIPA and the ECPA; the pen register and trap-and-trace claims are untethered from any applicable statutory framework covering internet activity; and the remaining common law and statutory claims fail for lack of the requisite degree of offensive conduct, cognizable economic harm, or any viable legal theory. Plaintiff Maurer, a New York resident, also has no basis to assert claims under California law.

Accordingly, the Court should dismiss Plaintiffs' Amended Complaint.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Should Plaintiff Maurer's claims be dismissed under Rule 12(b)(2) for lack of personal jurisdiction?

2. Should Plaintiffs Maurer, Stevens, and Mortensen's claims be dismissed under Rule 12(b)(3) for improper venue?

---

[1] The action also is not properly filed in this District in light of the forum selection clauses to which Plaintiffs Wall, Frasher, Mortensen and Stevens agreed, as set forth more fully in Defendants' Motion to Transfer, filed concurrently herewith.

3. Should the Amended Complaint be dismissed under Rule 12(b)(1) for lack of Article III standing?

4. Should the Amended Complaint be dismissed under Rule 12(b)(6) for failure to state a claim?

## III. BACKGROUND

Plaintiffs Maurer, Stevens, Mortensen, Wall, and Frasher are residents of Rensselaer County (New York), San Diego County, Yolo County, Sonoma County, and San Benito County, respectively. Am. Compl. (Dkt. 16) ¶¶ 21, 28, 34, 40, 46. Plaintiffs allege that Defendants are financial services entities with headquarters in Missouri, rather than in California. *Id.* ¶¶ 52, 58. Defendants operate and manage multiple web properties as part of their business, including the Website and Online Access, through which clients can view account information. *Id.* ¶ 63. Online Access is accessible only to customers who authenticate with a User ID and password. *Id.* ¶ 64.

Plaintiffs allege that Defendants made unauthorized disclosures of customers' and prospective customers' private data—including personally identifiable information such as account information, portfolio holdings, and transaction history—via software of third parties, namely, Google LLC, Meta Platforms, Inc., The Trade Desk, Inc., LinkedIn Corporation, and Contentsquare Israel Ltd. *Id.* ¶ 1. According to Plaintiffs, Defendants incorporated third-party software on the Website and Online Access to serve targeted advertisements and, consequently, to "make more money." *Id.* ¶ 53.

Plaintiffs bring nine causes of action: (1) violation of the Electronic Communications Privacy Act ("ECPA"); (2) violation of the California Invasion of Privacy Act ("CIPA") § 631; (3) CIPA §§ 638.50 & 638.51; (4) common law invasion of privacy – intrusion upon seclusion; (5) Article I, Section 1 of the California Constitution (Invasion of Privacy); (6) Unfair Competition Law ("UCL"); (7) Comprehensive Computer Data Access and Fraud Act ("CDAFA"); (8) negligence; and (9) unjust enrichment. *Id.* ¶¶ 173-281.

## IV. ARGUMENT

### A. Plaintiff Maurer's Claims Should Be Dismissed for Lack of Personal Jurisdiction.

Plaintiff Maurer fails to sufficiently allege facts that would support personal jurisdiction over Defendants in this Court.

The test for general jurisdiction is whether an entity's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State," which, in the paradigmatic case, is the place of its incorporation and the principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 (2014). Plaintiffs' own Amended Complaint confirms that Edward Jones "is headquartered in Missouri" and that The Jones Financial Companies "is a limited liability limited partnership headquartered in St. Louis, Missouri." Am. Compl. ¶¶ 52, 58. Plaintiffs appear to contend that this Court has personal jurisdiction over Defendants because Edward Jones has California branches, but that contention was rejected in *Daimler*. *See id.*, 571 U.S. at 138-39 (entity's operations in a state, even substantial and continuous ones, do not render it "at home" there). There is no general jurisdiction here over Plaintiff Maurer's claims.

As for specific jurisdiction, Plaintiff Maurer cannot satisfy the requirement of demonstrating "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (internal quotation marks and citation omitted). It is not enough that a defendant has forum contacts related to other plaintiffs or other claims. *See id.* "What is needed—and what is missing here—is a connection between the forum and [Plaintiff Maurer's] specific claims at issue." *Id.*

Plaintiff Maurer resides in New York (Am. Compl. ¶ 21), not California. He does not allege that he accessed the Website from within California or this District. His only asserted California connection is historical – he claims he resided in California at some unspecified time in the past when he allegedly opened his account with Edward Jones.[2] But a plaintiff's alleged past residency

[2] Notwithstanding Plaintiff Maurer's contention that he has an Edward Jones account, Am. Compl. ¶¶ 22-24, Defendants have no record of him ever being a customer, and he has provided none.

cannot supply the required connection because it lacks the necessary affiliation with the underlying controversy. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("Specific[ ] jurisdiction depends on an affiliatio[n] between the forum and the underlying controversy." (internal quotation marks and citation omitted)); *Ottesen v. Hi-Tech Pharms., Inc.*, No. 19-CV-07271-JST, 2024 WL 5205539, at *4 (N.D. Cal. Dec. 23, 2024) (dismissing named, nonresident New York plaintiffs' claims because they "arise from out-of-state activities with no connection to California").

Nor do the Amended Complaint's aggregated jurisdictional allegations cure this defect. The general assertion that a substantial part of the events occurred in California says nothing about whether *Plaintiff Maurer's* claims have any connection to this District. Indeed, the only California conduct Plaintiffs allege as to Plaintiff Maurer—that he opened an account at some unspecified time in the past—is factually false (he has never been an Edward Jones client) and otherwise insufficient since it is temporally untethered to any of the conduct relevant to Plaintiff Maurer's claim. As for the other Plaintiffs, under *Bristol-Myers Squibb*, contacts relevant to one plaintiff's claims cannot supply jurisdiction over a different plaintiff's unrelated claims. *See* 582 U.S. at 264-65. Plaintiff Maurer's claims should be dismissed for lack of personal jurisdiction over Defendants as to such claims in this District.

**B. Venue Is Improper Here As to Plaintiffs Maurer, Stevens, and Mortensen**

Federal Rule of Civil Procedure 12(b)(3) permits dismissal of an action for improper venue. "Once a defendant has challenged venue, the plaintiff bears the burden of showing venue is proper." *Matter of Star & Crescent Boat Co., Inc.*, 549 F. Supp. 3d 1145, 1154 (S.D. Cal. 2021). Plaintiffs assert that "a substantial part of the events and conduct giving rise to Plaintiffs' claims occurred in this State. . . ." Am. Compl. ¶ 16. On its face, that is insufficient under 28 U.S.C. § 1391(b)(2), which requires that a "substantial part" of the events and omissions giving rise to the claim took place specifically in *this District* – not merely somewhere within California. 28 U.S.C. § 1391(b)(2); *see Alliance for Multilingual Multicultural Educ. v. Garcia*, No. C 11–0215 PJH, 2011 WL 2532478, at *7 (N.D. Cal. June 24, 2011) (noting that "the 'events and omissions' that are considered are only those that directly give rise to the claim").

To determine whether a substantial part of the events giving rise to Plaintiffs' claims

occurred in this District, the core inquiry is the locus of the alleged injury. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001) (holding that locus of injury is a relevant factor in determining whether substantial part of events giving rise to the claim occurred). Applying this framework, venue over Plaintiffs Maurer, Stevens, and Mortensen is plainly improper.

Plaintiff Maurer is a New York resident, whose only alleged connection to California is that he resided in California at the time he purportedly opened an account with Edward Jones. Am. Compl. ¶ 22. Setting aside that this allegation appears completely fictitious, as Maurer has never been an accountholder, it still does not come close to establishing that a "substantial part" of the events giving rise to his claims occurred in this District.

Venue is equally improper as to California Plaintiffs Stevens and Mortensen, whose generic allegation that events relevant to their claims occurred somewhere in "this State" does not substitute for the required allegation that pertinent events occurred in this District. *See Alliance*, 2011 WL 2532478, at *7. To the extent either Plaintiff suffered any injury at all, that injury would have been felt where they reside—Plaintiff Stevens in San Diego County in the Southern District, and Plaintiff Mortensen in Yolo County in the Eastern District, Am. Compl. ¶¶ 28, 34. *See Myers*, 238 F.3d at 1074 (concluding that plaintiff's injury occurred where plaintiff resides). Accordingly, neither of these three Plaintiffs can establish their claims had a substantial nexus with this District, and their claims should be dismissed. *See Cribier v. Compass, Inc.*, 2025 WL 1939869, at **4-5 (N.D. Cal. July 14, 2025) (plaintiff residing in Southern California could not establish venue under section 1391(b) over an out-of-state corporate defendant).

### C. Plaintiffs Lack Article III Standing

A suit brought by a plaintiff without Article III standing does not meet the Constitution's "case or controversy" requirement and must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, 109-10 (1998). To establish standing under Article III, a plaintiff must show that he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000). A harm is "concrete" only if the injury bears a "close relationship" to a harm "traditionally" recognized as

providing a basis for a lawsuit. *TransUnion LLC*, 594 U.S. at 426. Courts find that the closest common law analogs for the invasions of privacy asserted here are intrusion upon seclusion or public disclosure of private facts. *See I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1048 (N.D. Cal. 2022). To establish harm, these common law torts require the subject information disclosed to be "highly offensive to a reasonable person." *Zynga, Inc.*, 600 F. Supp. 3d at 1048. Plaintiffs therefore "must identify the 'specific personal information [they] disclosed that implicates a protectable privacy interest.'" *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025).

Plaintiffs' allegations do not meet this standard. Although the Amended Complaint references broad categories of information allegedly transmitted—such as page view events, IP addresses, user and device identifiers, and account information—none of the named Plaintiffs allege how their own specific data was intercepted by the challenged third-party software.

Instead, each Plaintiff offers only the boilerplate allegation that Defendants allowed disclosure, in some unspecified manner and unspecified time, of their "full transaction history to Google." Am. Compl. ¶¶ 26, 32, 38, 44, 50. This is precisely the kind of conclusory pleading courts have found insufficient. *See Cody v. E. Gluck Corp.*, No. 23-CV-2286-HSG, 2024 WL 4314187, at *2 & n.2 (N.D. Cal. Sept. 26, 2024) (holding plaintiff must "provide factual detail, such as the content of her chats with Defendant, to allege an actual privacy injury").

As the Ninth Circuit explained in *Popa v. Microsoft Corp.*, 153 F.4th 784, 790-791 (9th Cir. 2025), "*TransUnion* contemplates a standing inquiry particularized to a plaintiff's circumstances and benchmarked to a specific tort." Plaintiffs cannot satisfy a particularized pleading requirement through a generic allegation that precludes the standing inquiry required under Supreme Court and Ninth Circuit precedent.

### D. The Amended Complaint Should Be Dismissed for Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In other words, "[t]hreadbare recitals of the elements

of a cause of action . . . do not suffice." *Id.*

**1. Plaintiffs Fail to State a Claim under CIPA § 631 and the ECPA.**

**a. Plaintiffs' CIPA § 631 and ECPA Claims Are Deficient.**

Under CIPA § 631, it is unlawful to (1) "intentionally tap[] . . . any telegraph or telephone wire, line, cable, or instrument"; to (2) "willfully and without the consent of all parties to the communication . . . read[], or attempt[] to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit"; to (3) "use[], or attempt[] to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained"; or (4) to "aid[], agree[] with, employ[], or conspire[] with any person" to do any of those things. Cal. Penal Code § 631(a). Plaintiffs assert violations of CIPA § 631 and the ECPA on the same theory that Defendants "aided, employed, agreed with, conspired with, and procured third parties[']" violations of clause (2). Am. Compl. ¶¶ 177, 194. Both claims fail for the same reasons.[3]

***First***, Plaintiffs do not plausibly allege that any third party read, or attempted to read, a communication "in transit." Under both CIPA § 631(a) and the ECPA, Plaintiffs must plead facts showing that Defendants "intercepted" a communication while it was "in transit." *See* Cal. Penal Code § 631(a) ("reads . . . communication while . . . in transit"); 18 U.S.C. §§ 2511(1)(a)-(d) ("intercept[ion]" of a communication); *Adler v. Community.com, Inc.*, 2021 WL 4805435, at *3 (C.D. Cal. Aug. 2, 2021) (applying the same "in transit" standard under CIPA § 631 and ECPA). "Courts in the Ninth Circuit have interpreted the in transit requirement narrowly," *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1109 (C.D. Cal. 2023), as requiring "acquisition contemporaneous with transmission," *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). In other words, the interception must occur "in real time," meaning the third party must intercept the communication the instant Plaintiffs transmitted their online communication. *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1125 (C.D. Cal. 2024). Conclusory allegations that interception occurs "contemporaneously" or that communications were in transit are insufficient.

[3] Courts routinely analyze violations of CIPA § 631 and the ECPA together because "analysis for a violation of CIPA is the same as that under the federal Wiretap Act." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018) (citation omitted).

*See In re Vizio, Inc. Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1226, 1228 (C.D. Cal. 2017); *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1085 (C.D. Cal. 2023) ("Plaintiffs must provide more than conclusory allegations that messages were intercepted 'during transmission and in real time.'").

Here, Plaintiffs' own allegations undermine any claim that communications were intercepted "in transit" or "in real time." While Plaintiffs allege in conclusory fashion that "communications were intercepted in transit to the intended recipient—Edward Jones—before reaching Edward Jones' server," Am. Compl. ¶¶ 183, 198, the remainder of the Amended Complaint tells a different and ultimately fatal story. *See Tapia Carmona v. Cnty. of San Mateo*, No. 18-CV-05232-LHK, 2019 WL 4345973, at *9 (N.D. Cal. Sept. 12, 2019) ("Courts have held that [g]eneral, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint." (internal quotation marks and citation omitted)).

The Amended Complaint repeatedly characterizes Defendants' conduct as the "disclosure" of Plaintiffs' information to third parties, not an interception by a third party at the moment of transmission. Am. Compl. ¶¶ 1, 11, 55, 136, 153. Indeed, Plaintiffs frame their action as addressing "Edward Jones's unauthorized disclosure of its customers' and prospective customers' private data . . . to unauthorized third parties." *Id.* ¶ 1. Plaintiffs further allege that Edward Jones has control over the third-party software technologies, including "how events are categorized prior to their transmission." *Id.* ¶¶ 180, 196. The fact that events are "categorized prior to their transmission" to third parties affirmatively indicates that the data is processed and organized before it is ever sent outward, which demonstrates a post-receipt, pre-transmission-to-third-party sequence that is inconsistent with real-time interception in transit. Further, Plaintiffs allege that the third-party software technologies "surreptitiously intercepted, recorded, and transmitted Plaintiffs' and Class Members' private online activity and communications . . . to third parties." This sequential framing—intercept, record, then transmit—is precisely the kind of post-recording transmission that courts have found inconsistent with an "in transit" interception. *See Hammerling v. Google LLC*, 2022 WL 17365255, at *10 (N.D. Cal. Dec. 1, 2022) (dismissing CIPA claim because "fact[s] d[id] not plausibly allege that [Defendant] intercepted [] data").

***Second***, Plaintiffs fail to allege the interception of "contents." Both CIPA § 631 and the ECPA require interception of "contents" of a communication—*i.e.*, "the intended message conveyed by the communication," not "[r]ecord information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014).[4] The crux of Plaintiffs' Amended Complaint is the alleged capture of page URLs, user actions, "page view" events, IP addresses, cookie values, and user and device identifiers, Am. Compl. ¶¶ 88-94, 106-112, which are precisely the type of non-substantive record information that courts have held falls outside both statutes' reach. *See Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 n.9 (N.D. Cal. 2023) (finding "webpage titles, webpage keywords, the date and times of website visits, IP addresses, [and] page visits" are not content information); *Yale v. Clicktale, Inc.*, 2021 WL 1428400, at *1, *3 (N.D. Cal. Apr. 15, 2021) ("date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" were mere record information).

***Third***, Plaintiffs' ECPA claim also fails on the independent basis that no ECPA claim lies where "one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act . . . ." 18 U.S.C. § 2511(2)(d); *see also R.S. v. Prime Healthcare Servs., Inc.*, 2024 WL 3730609, at *2 (C.D. Cal. Aug. 7, 2024) (recognizing "exemption from liability for a person who is a 'party' to the communication" (citation omitted)); *see also Williams v. What If Holdings LLC*, 2022 WL 17869275, at *2 (N.D. Cal. 2022) ("As the website owner, [defendant] was the intended recipient of plaintiff's communication[s].").

Here, Plaintiffs allege that they transmitted information to the Website and Online Access, making Defendants a consenting party to the alleged communications. Am. Compl. ¶¶ 3, 178. However, Plaintiffs plead no facts indicating that Defendants' purpose in placing third-party software on their Website and Online Access was to "injure plaintiffs tortiously" as opposed "to make money." *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022)

---

[4] As with the "in transit" element, "content" has the same meaning under CIPA § 631(a) and the ECPA. *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021).

("Multiple courts in this [D]istrict have found that the crime-tort exception to the Wiretap Act is inapplicable where the defendant's primary motivation was to make money, not to injure plaintiffs tortiously."); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2014 WL 1102660, at *18 n.13 (N.D. Cal. Mar. 18, 2014) ("[T]he tort or crime exception cannot apply where the interceptor's 'purpose has plainly not been to perpetuate torts on millions of Internet users, but to make money.'" (internal citation omitted)). Plaintiffs' allegation that Defendants "intentionally incorporated Tracking Technologies" to "use the analytics and advertising services offered by these third parties to serve targeted advertisements . . . and, consequently, make more money" (Am. Compl. ¶ 53) squarely precludes any attempt to invoke the crime-tort exception to the ECPA.

**b. Plaintiffs' CIPA §§ 638.50 and 638.51 Claim Is Deficient.**

CIPA § 638.51(a) prohibits a person from "install[ing] or us[ing] a pen register or trap and trace device without first obtaining a court order." Cal. Penal Code § 638.51(a). A pen register is "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b).

The plain language of the statute and legislative history establish that CIPA § 638.51(a)'s pen register restrictions apply only to communications through a telegraph or telephone. *See Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 191 (2021) (finding the Legislature's intent evidenced through their amendments to CIPA "to take account of privacy issues raised by increased use of cellular and cordless telephones"); *Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal.Super. Jan. 27, 2025) (finding legislative history of CIPA suggests "pen register" and "track and trace devices" refer to devices or processes used to record or decode dialing, routing, addressing, or signaling information from telephone numbers, not internet communications such as websites). In fact, the California Legislature amended CIPA § 638 as recently as 2015, adopting the same authorization provision in CIPA § 638.52 that courts have relied on under the federal Pen Register Act to find that the Act applied only to mechanical, telephone number-tracing technology, not technology used to collect the IP address from a desktop computer. *See* Cal. Penal Code § 638.52(d)(1), (3) (requiring court order to identify the person "in whose name . . . the telephone

line to which the pen register . . . is to be attached"); *Casillas v. Transitions Optical, Inc.*, No. 23STCV30742, 2024 WL 4873370, at *4 (Cal.Super. Sept. 09, 2024) ("'[A]n internet user generates the IP address data . . . only by making the affirmative decision to access a website or application. . . . The pen register statute did not, and does not, criminalize the process by which all websites communicate with all users who choose to access them." (citation omitted)).

As pen registers do not record "contents" of a communication, CIPA § 638.50(c), Plaintiffs must specifically allege that information beyond IP addresses and user and device identifiers were recorded. Am. Compl. ¶ 208. The collection of an IP address is insufficient to support a claim. *See Khamooshi*, 786 F. Supp. 3d at 1179 (finding no protectible privacy interest in IP addresses); *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *4 (Cal.Super. Mar. 13, 2024) (same"). California courts have dismissed similar claims for lack of statutory injury, finding allegations of IP address collection insufficient to show injury in fact. *See, e.g., Palacios v. Office Depot, LLC*, No. 24STCV11977, 2024 WL 7006626, at *3 (Cal.Super. Dec. 04, 2024).

Judge Wise's recent decisions addressing § 638.51 illustrate the deficiencies in Plaintiffs' trap-and-trace claim . In *Mitchener v. CuriosityStream, Inc.*, Judge Wise explained that a "trap and trace device" by statutory definition "captures identifying information ***about*** a communication ***but not the contents*** of a communication." No. 25-CV-01471-NW, 2025 WL 2272413, at *4 (N.D. Cal. Aug. 6, 2025) (internal quotation marks and citation omitted) (emphasis in original); *see also Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-CV-01473-NW, 2025 WL 1745726, at *4 (N.D. Cal. June 24, 2025), *appeal dismissed*, No. 25-4452, 2025 WL 2943080 (9th Cir. Oct. 3, 2025) (same). Judge Wise dismissed with prejudice the CIPA trap-and-trace claims based on software code embedded on defendant's website, finding that if the code collected *content* it would fall outside the statutory definition, and if it collected only *metadata* such as IP addresses the plaintiff would lack any cognizable privacy interest. *See Mitchener*, 2025 WL 2272413, at *4; *Kishnani*, 2025 WL 1745726, at *4. Therefore, to the extent Plaintiffs contend the third-party software technologies recorded the "contents" of a communication, those technologies necessarily fall outside the statutory definition entirely.

**2. Plaintiffs Fail to State a Claim for Invasion of Privacy.**

"The California Constitution and the common law set a high bar for an invasion of privacy claim." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). Where, as here, constitutional and common law claims are brought together, "courts conduct a combined inquiry that considers (1) the nature of any intrusion upon reasonable expectations of privacy, and (2) the offensiveness or seriousness of the intrusion." *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 846 (N.D. Cal. 2017) (cleaned up). "The gravamen" of the claim "is the mental anguish sustained when both conditions of liability exist." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009). Neither element exists here.

"Given the inherent nature of the internet, a number of courts have found that consumers do not have a reasonable expectation of privacy over their activity in that space." *Thomas v. Papa Johns Int'l, Inc.*, No. 22CV2012 DMS (MSB), 2024 WL 2060140, at *2 (S.D. Cal. May 8, 2024) (collecting cases). Much of the information specifically identified in Plaintiffs' Amended Complaint—page view events, URLs, IP addresses, cookie values, and user and device identifiers—constitutes unremarkable routing and analytics data that users necessarily and knowingly share with third parties as a condition of using the internet. "Contemporary internet browsing involves the collection of users' data, including by tracking users across the internet, *and a reasonable user should expect as much*." *Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) (emphasis in original). While Plaintiffs also invoke account information and transaction history to try to elevate their claim, those allegations are conclusory and untethered to any specific named Plaintiff's experience on the Website or Online Access. Am. Compl. ¶¶ 118-125.

Nor do Plaintiffs allege any *use* of their information "in a manner highly offensive to a reasonable person." *Hernandez*, 47 Cal. 4th at 286. This high standard requires "an exceptional kind of prying into another's private affairs," such as "taking the photograph of a woman in the hospital with a 'rare disease that arouses public curiosity.'" *Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 306 F.3d 806, 819 (9th Cir. 2002). Conduct motivated by "legitimate business reasons"—as opposed to "socially repugnant . . . reasons"—cannot be considered "highly

offensive to a reasonable person." *Hernandez*, 47 Cal. 4th at 286, 297.

Here, Plaintiffs' Amended Complaint alleges merely that Defendants' purpose in deploying the third-party software technologies was for website analytics or marketing, Am. Compl. ¶¶ 53, 275—a commercial motivation, not a "socially repugnant" one. Courts in this Circuit consistently reject privacy claims based on such conduct. *See, e.g.*, *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1047 (N.D. Cal. 2025) (disclosure of employment information, account information, and credit card eligibility does not rise to the level of an "egregious breach of social norms"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) ("Even disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy"); *In re iPhone App. Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (no privacy claim where defendant released plaintiffs' "unique device identifier number, personal data, and geolocation information" from cell phones to third parties without their "knowledge and consent").

**3. Plaintiffs Lack Statutory Standing Under the UCL and CDAFA.**

Plaintiffs fail to plausibly allege the economic harm required to establish standing for their CDAFA and UCL claims. *See Williams v. Facebook, Inc.*, 384 F. Supp. 3d 1043, 1050 (N.D. Cal. 2018) (CDAFA requires "a showing of economic harm or loss"); *Hazel v. Prudential Fin., Inc.*, No. 22-CV-07465-CRB, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023) (UCL requires plaintiff to allege that it "ha[s] lost money or property" because of the defendant's conduct). Plaintiffs assert a "property interest" in their personal information and claim a loss of "money and/or property." Am. Compl. ¶¶ 241, 245. But these allegations fail as a matter of law because "personal information does not constitute property for purposes of a UCL claim." *In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011), *aff'd,* 572 F. App'x 494 (9th Cir. 2014).

Nor do Plaintiffs adequately allege any money that they lost as a result of Defendants' conduct. Plaintiffs' theory of economic harm is, at bottom, that their personal information has value and that Defendants benefited by allowing third parties to collect it. But that theory has been squarely rejected. *See Shah*, 768 F. Supp. 3d at 1048 ("Plaintiffs also cannot make an argument that the profit Defendant made as a result of disclosing Plaintiffs' data is sufficient to demonstrate a

loss."); *Hazel*, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023) ("But just because Plaintiffs' data is valuable in the abstract, and because [Defendant] might have made money from it, does not mean that Plaintiffs have 'lost money or property' as a result"). It follows that Plaintiffs' claims under the UCL and CDAFA must be dismissed for lack of statutory standing.

**4. Plaintiffs Fail to State a Viable Negligence Claim.**

As a threshold matter, California's "economic loss rule bars [Plaintiffs'] negligence claim" because it generally precludes "claims for negligence involving only economic loss." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1091-92 (C.D. Cal. 2017). Plaintiffs' claimed injuries here are purely economic in nature—*i.e.*, they do not involve physical injuries or property damage. Although Plaintiffs invoke the "special relationship" exception to the economic loss rule with the conclusory allegation that Defendants' "duty of care arose as a result of, among other things, the special relationship that existed between Edward Jones and its customers and prospective customers," Am. Compl. ¶ 269, the Amended Complaint lacks any facts sufficient to support the existence of this alleged special relationship. *See J'Aire v. Gregory*, 24 Cal.3d 799, 804 (1979) (setting forth six-factor test necessary to establish special relationship). Nor can Plaintiffs plead this standard (with the potential exception of Plaintiff Maurer, who was not an accountholder) because the special relationship "is not applicable here, where, unlike in *J'Aire*, Plaintiff and Defendant are in privity of contract." *Body Jewelz*, 241 F. Supp. 3d at 1092 (citations omitted).

Further, Plaintiffs' Amended Complaint alleges no "appreciable, nonspeculative, present harm" purportedly caused by the breach of Defendants' alleged duties. *Low*, 900 F. Supp. 2d at 1032. Courts routinely dismiss negligence claims where plaintiffs allege only losses related to the "disclosure" of their "personal data." *In re iPhone App. Litig.*, 844 F. Supp. 2d at 1064; *see also, e.g., Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) ("the mere misappropriation of personal information does not establish compensable damages" (quotation marks omitted)); *In re Google Android Consumer Priv. Litig.*, No. 11-MD-02264 JSW, 2013 WL 1283236, at *13 (N.D. Cal. Mar. 26, 2013) ("wrongful taking of [personal] information" and "invasion of [] privacy"). The injuries Plaintiffs assert—invasion of privacy, loss of benefit of the bargain, diminution of value, statutory damages, and ongoing risk, Am. Compl. ¶ 13—are all rooted

in the alleged risk of future harm, insufficient to support a negligence claim. *See Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010) ("mere danger of future harm, unaccompanied by present damage, will not support a negligence action.").

**5. Plaintiffs' Unjust Enrichment Claim Fails.**

Plaintiffs' unjust enrichment claim fails because "there is no cause of action in California labeled unjust enrichment." *Sepanossian v. Nat'l Ready Mix Co., Inc.*, 97 Cal. App. 5th 192, 206 (2023) (quotation marks omitted); *Gabali v. Onewest Bank, FSB*, No. 5:12-CV-02901 EJD, 2013 WL 1320770, at *7 (N.D. Cal. Mar. 29, 2013). Unjust enrichment is a remedy available where the remedies at law are inadequate. *See Shah*, 768 F. Supp. 3d at 1051; *McBride v. Boughton*, 20 Cal. App. 4th 379, 388 (2004). Because all of Plaintiffs' substantive claims fail, they "ha[ve] no viable basis for invoking entitlement to . . . unjust enrichment." *Forouzesh v. Starbucks Corp.*, No. CV 16-3830 PA (AGRX), 2016 WL 4443203, at *5 (C.D. Cal. Aug. 19, 2016).

**6. Plaintiff Maurer Cannot Bring Claims Under California Law.**

As a New York resident, Plaintiff Maurer cannot invoke California's privacy statutes or constitutional privacy protections. "A California statute applies to conduct outside of California only if that intention is clearly expressed or reasonable to be inferred from the language of the act or from its purpose, subject matter or history." *DellaSala v. Samba TV, Inc.*, No. 3:25-CV-03470-JSC, 2025 WL 3034069, at *3 (N.D. Cal. Oct. 30, 2025) (internal quotation marks and citation omitted). "CIPA and CDAFA both contain language demonstrating the legislature's intent for the statutes not to apply outside of California." *See id.* The California Constitution's privacy provision similarly extends only to California citizens. *See People v. Martinez*, 88 Cal. App. 4th 465, 474 (2001) ("Section 1 . . . ***protects Californians*** against invasions of privacy by nongovernmental as well as governmental parties.") (internal quotation marks and citation omitted) (emphasis added).

Applying these principles, Plaintiff Maurer's California law claims must be dismissed. Plaintiff Maurer is a New York resident, and his Amended Complaint alleges no facts that would support his invocation of California law.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

Dated: April 6, 2026

By: */s/ Michael J. Stortz*

Michael J. Stortz
Tae H. Kim
K. Taylor Yamahata

Attorneys for Defendants EDWARD D. JONES & CO., L.P. and THE JONES FINANCIAL COMPANIES, L.L.L.P.