Michael J. Stortz (139386)
Michael.Stortz@klgates.com
Tae H. Kim (331362)
Tae.Kim@klgates.com
K. Taylor Yamahata (347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Attorneys for Defendants EDWARD D. JONES
& CO., L.P. and THE JONES FINANCIAL
COMPANIES, L.L.L.P.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK MAURER, THERESA STEVENS, RICHARD MORTENSEN, CHRIS WALL, AND DENNIS FRASHER individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD D. JONES & CO., L.P., and THE JONES FINANCIAL COMPANIES, L.L.L.P., <br><br> Defendants. | Case No. 3:26-cv-01178-JD <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |

**[PROPOSED] ORDER**

This matter is before the Court on Defendants Edward D. Jones & Co., L.P. ("Edward Jones") and The Jones Financial Companies, L.L.L.P.'s Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("CCAC") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) ("Motion to Dismiss").

After consideration of the briefs, arguments of counsel, and all other matters presented, the Court concludes that Defendants' Motion to Dismiss should be granted for the following reasons:

The Court grants Defendants' Motion to Dismiss the claims of Plaintiff Shah, on the grounds that he previously filed a notice of voluntary dismissal in the Central District voluntarily dismissing his claims against Edward Jones with prejudice.

The Court grants Defendants' Motion to Dismiss for improper venue as to Plaintiffs Shah and Stevens, on the grounds that the CCAC fails to allege that a substantial part of the events giving rise to their claims occurred in this District.

The Court grants Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Article III of the U.S. Constitution, on the grounds that Plaintiffs' conclusory allegation of disclosure is insufficient to establish a concrete and particularized injury in fact.

The Court grants Defendants' Motion to Dismiss for failure to state a claim for relief, on the following grounds:

As for the first cause of action, the CCAC fails to state a claim for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq*., because it does not plausibly allege an in-transit interception of the contents of a communication, and the crime-tort exception to the party-consent exemption does not apply.

As for the second cause of action, the CCAC fails to state a claim for violation of California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631, because it does not plausibly allege that any third party read or attempted to read a communication in transit, or that the contents of any communication were intercepted.

As for the third cause of action, the CCAC fails to state a claim for violation of CIPA, Cal.

1

Penal Code § 632, because Plaintiffs do not plausibly allege that Defendants used an electronic amplifying or recording device to eavesdrop on or record a confidential communication.

As for the fourth cause of action, the CCAC fails to state a claim for violation of CIPA, Cal. Penal Code §§ 638.50 and 638.51, because the pen register and trap-and-trace provisions of CIPA do not apply to internet activity, and the data allegedly collected does not fall within the scope of those provisions.

As for the fifth cause of action, the CCAC fails to state a claim for common law invasion of privacy intrusion upon seclusion because Defendants' alleged conduct was not highly offensive to a reasonable person.

As for the sixth cause of action, the CCAC fails to state a claim for invasion of privacy under Article I, Section 1 of the California Constitution for the same reason the common law invasion of privacy claim fails.

As for the seventh cause of action, the CCAC fails to state a claim for violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because Plaintiffs do not plausibly allege the economic harm required to establish statutory standing.

As for the eighth cause of action, the CCAC fails to state a claim under the Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, because Plaintiffs do not plausibly allege the economic harm required for statutory standing.

As for the ninth cause of action, the CCAC fails to state a claim for negligence because the economic loss rule bars the claim, no special relationship has been adequately alleged, and Plaintiffs allege no appreciable, non-speculative, present harm.

As for the tenth cause of action, the CCAC fails to state a claim for unjust enrichment because no such standalone cause of action exists under California law, and all of Plaintiffs' underlying substantive claims fail.

Accordingly, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss is GRANTED, and Plaintiffs' CCAC is DISMISSED in its entirety.

2

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
Honorable James Donato
United States District Judge

3