Michael J. Stortz (SBN 139386)
Michael.Stortz@klgates.com
Tae H. Kim (SBN 331362)
Tae.Kim@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

*Attorneys for Defendants*
EDWARD D. JONES & CO., L.P., and THE
JONES FINANCIAL COMPANIES, L.L.L.P.,

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE EDWARD D. JONES & CO. DATA PRIVACY LITIGATION

Case No. 3:26-cv-01178-JD

**DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 55]**

Complaint Filed: February 6, 2026
Am. Complaint Filed: February 20, 2026
Cons. Compl. Filed: June 19, 2026

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants' Edward D. Jones & Co., L.P. and The Jones Financial Companies, L.L.L.P. (collectively, "Defendants") hereby provide this Statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 55) regarding materials containing Plaintiffs' personally identifiable information ("PII") and financial account information.

On April 6, 2026, Defendants filed their original Administrative Motion to File under Seal portions of their original Motion to Transfer Venue brief and declarations filed in support, which contained Plaintiffs' PII as well as their financial account information relating to their accounts with Defendants. *See* Dkt. 27. On April 9, 2026, Plaintiffs Stevens, Frasher, and Shah (collectively, "Plaintiffs") filed their Statement in Support of Defendants' Administrative Motion to Seal and "request[e]d the Court to grant Defendants' Administrative Motion to Seal as the proposed redactions are narrowly tailored to protect Plaintiffs' privacy interests and prevent identity theft and fraud." Dkt. 30 at 1. Plaintiffs explained that the categories of information Defendants sought to seal "are the exact types of PII and financial account information that the public has a 'minimal interest' in having access to." *Id*. at 3. Plaintiffs further affirmed that "Defendants' proposed redactions are narrowly tailored to seek sealing only of those portions of the materials that are necessary to protect their privacy interest, to which there is no less restrictive alternative." *Id*.

On July 6, 2026, Defendants filed their second Administrative Motion to File under Seal portions of their original Motion to Transfer Venue brief and declarations filed in support on ostensibly the same basis. *See* Dkt. 48. Plaintiffs did not file a response. On July 20, 2026, Plaintiffs filed their Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. *See* Dkt. 55. For the first time, Plaintiffs indicated that "Plaintiffs take no position as to whether the highlighted portions of the Opposition be sealed." *Id*. at 1. Despite the parties having conducted two meet-and-confers in the interim (*see* Dkt. 53 at 8 [detailing April 30, 2026 and July 13, 2026 26(f) conferences]), Plaintiffs did not raise the issue of sealing prior to their July 20, 2026 filing and have not explained the change in their position. Given the nearly identical substance of Defendants' original Administrative Motion to File under Seal with the current Administrative Motion, Plaintiffs' change in position as to the privacy of their personal information is curious,

particularly given the subject matter of their claims.

In any event, a party seeking to seal judicial records must overcome the "strong presumption in favor of access to court records" and show "good cause." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion" where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231-WHA, 2007 WL 902550 at *2 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). As set forth more fully in Defendants' second Administrative Motion to File under Seal and the accompanying Declaration of K. Taylor Yamahata, the documents submitted for filing under seal contain personal information of Plaintiffs' related to their accounts with Defendants and Defendants have proposed the most limited sealing possible to maintain Plaintiffs' privacy while respecting the public's right to information by only including certain portions of the selected documents in this filing. *See* Dkts. 48; 48-1.

For the foregoing reasons, Defendants respectfully request that the Court grant their recent Administrative Motion, as well as Plaintiffs' Administrative Motion.

Respectfully submitted,

Dated: July 27, 2026

**K&L GATES LLP**

By: *_/s/ K. Taylor Yamahata_*
Michael J. Stortz
Tae H. Kim
K. Taylor Yamahata

*Attorneys for Defendants*
EDWARD D. JONES & CO., L.P., and
THE JONES FINANCIAL COMPANIES,
L.L.L.P.