UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA STEVENS, et al.,<br>Plaintiffs,<br>v.<br>EDWARD D. JONES & CO., L.P., et al.,<br>Defendants. | Case No. 26-cv-01178-JD<br><br>**ORDER RE TRANSFER** |

Plaintiffs are a group of actual and prospective Edward Jones customers who used Edward Jones' various online services between 2005 and 2025. They allege that on a public-facing website, and a password-protected customer portal, Edward Jones inserted snippets of code that covertly collected private information about their online activities, including personally identifiable information and financial data, and transmitted it to third-party advertising partners. Dkt. No. 47 at ¶ 72.

Plaintiffs sued Edward Jones, which is headquartered in St. Louis, Missouri, in this District, alleging claims under California state and federal privacy laws, the California Constitution, and causes of action for unfair competition, invasion of privacy, negligence, and unjust enrichment. Edward Jones filed a motion to transfer, Dkt. No. 49, and a motion to dismiss. Dkt. No. 50.

The parties familiarity with the record is assumed. Transfer is warranted to the Eastern District of Missouri, where Edward Jones is headquartered. The motion to dismiss is terminated without prejudice to renewal as warranted and permitted there.

Edward Jones proposed a transfer on convenience grounds under 28 U.S.C. Section 1404(a), which states in pertinent part that "a district court may transfer any civil action to any

other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in the interest of justice." Neither party raised an objection to personal jurisdiction in this District or in Missouri. *See* Dkt. No. 49 at 5.

To determine whether transfer promotes "convenience and fairness," the Court weighs several factors, including the location of witnesses and evidence, the contacts relating to the causes of action in the chosen forum, the relevant public policy of the forum state, and the plaintiff's choice of forum. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The goal is to have the case litigated and tried in the optimal district for judicial and party resources, efficiency, and fairness.

Overall, it makes better sense to have this case handled in Missouri. It is certainly true, as plaintiffs say, that they are afforded some leeway in choosing among proper venues. Dkt. No. 56 at 6. But that is not a dispositive factor here. *See Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-CV-03889-JD, 2018 WL 3549122, at *2 (N.D. Cal. July 24, 2018). Edward Jones is headquartered in St. Louis, and plaintiffs' interactions with it were entirely virtual, ruling out any physical nexus to this District. *See* Dkt. No. No. 47 at ¶ 25-48. The nature of this action also weighs against acquiescing to plaintiffs' choice. "[W]hen an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). In this case, plaintiffs propose nationwide and California classes, where the vast majority of members likely reside outside this District. *See* Dkt. No. 46. Even among the named plaintiffs, only one resides in this District. *Id.*

The location of documents and potential witnesses does not favor keeping the case here. The documents and policies relating to Edward Jones' use of customer data for advertising purposes are likely located in St. Louis, as are key decision makers handling Edward Jones' data and advertising practices. Plaintiffs mentioned a few witnesses located outside Missouri, but one is in New Jersey, one is in Canada, and only one, Edward Jones' West Division Leader, is located in this District. *See* Dkt. No. 56-1 (Decl. of A. Fiorilla) at ¶ 8-10. These locations militate in favor of a centrally located, reasonably accessible venue. For the third-party technology companies Edward Jones is said to have worked with, only some are located in this District,

reducing the purported convenience of keeping the case here. *See id.* at ¶ 5-6.

As a final consideration, the Court notes that the Eastern District of Missouri is perfectly capable of applying California law. Plaintiffs' suggestion that the Eastern District of Missouri may misapply California law and so deprive them of rights secured by the California legislature and constitution, Dkt. No. 56 at 14-15, is not well taken. Federal courts routinely apply the law of states other than the state in which they sit. *See Coleman v. Mallinckrodt Enters. LLC*, No. 3:17-CV-06565-JD, 2019 WL 1779574, at *2 (N.D. Cal. Apr. 23, 2019); *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 67 (2013) ("federal judges routinely apply the law of a State other than the State in which they sit.").

Consequently, the circumstances as a whole support the transfer of this case to the Eastern District of Missouri.

The hearings scheduled for August 13, 2026, are vacated.

**IT IS SO ORDERED.**

Dated: August 11, 2026

JAMES DONATO
United States District Judge